### GILBERT T. WATERS v. ALBERT L. HAYNES.

When a complaint, made under the provisions of the Forcible Entry and
Detainer act, was, on application of the complainant, allowed to be
amended so as to substantially change an allegation material to be
charged and proved to justify a judgment for possession, such a judg-
ment cannot be sustained.

On *certiorari* bringing up proceedings and judgment under
the Forcible Entry and Detainer act.

Argued at February Term, 1887, before Justices VAN
SYCKEL and MAGIE.

For the prosecutor, *John B. Huffman.*

For the defendant, *H. W. Edmunds.*

The opinion of the court was delivered by

MAGIE, J.   The return to this *certiorari* shows a proceed-
ing under the "Act concerning forcible entries and detainers"
(*Rev., p.* 439), instituted by the defendant, Haynes, against the
prosecutor, Waters, before an alderman of the city of Cape
May, being *ex officio* a justice of the peace of the county.   It
thereby appears that after a trial and verdict of a jury, judg-
ment restoring Haynes to the possession of the house and land
specified in his complaint was rendered.

It is apparent from the return that the real case intended to be made by Haynes against Waters was this, viz. : that Haynes had demised the premises in question to Joseph Vance and George Turner for a term expiring May 1st, 1886 ; that Vance and Turner had permitted the prosecutor, Waters, to hold the premises under them, and that Waters, after the expiration of the term, held the premises willfully and without force, and after demand and notice in writing given by Haynes for the delivery of possession.

If such a case had been charged and proved, it is plain that Waters was guilty of an unlawful detainer under the provisions of section 5.   But the case shows that in the course of the trial it was discovered that the complaint made by Haynes had erroneously stated that Haynes' demise was m·· ¹ ·, not to Vance and Turner, but to Vance and the prosecutor, Waters, while it also stated that Waters held during the term of Vance and Turner.   Upon this discovery, application was made to amend the complaint, and such an amendment was allowed against the objection of prosecutor.   A like error seems to exist in the summons, but no amendment was asked for.

It has been settled that no power has been conferred on justices of the peace to make amendments in proceedings under this act.  *Wilson* v. *Bayley,* 13 *Vroom* 132.   Such a complaint, therefore, was held in that case to remain, in legal contemplation, unamended.   The amendment before the court in that case related to a matter respecting which no proof was required to be given.   The allowance of the amendment, therefore, produced no effect, and was held not to justify any presumption that the case of the complaining owner was not duly proved.

But in this case the amendment affected a part of Haynes' case material to his success.   It must be presumed that his evidence proved the amended complaint.   But since the amendment was futile and the complaint must be treated as unamended, it evidently results that the original complaint was neither tried nor proved.

The result is that the judgment cannot be sustained, but must be reversed.

I reach the result with reluctance, for it seems clear from the case that the real question between the parties was tried, and I can perceive no good reason why the power of amendment, liberally granted to other courts, and even to magistrates of this sort when sitting in the court for the trial of small causes, should not also be granted to courts presiding over such proceedings. But I can discover no legislation conferring such power in this class of cases, and in the absence of legislation it is clear that the power does not exist.